# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-919v
(Unpublished)

| | |
|---|---|
| MARIA JILL VANDERGRIFF and JON-MICHAEL VANDERGRIFF, *administrator of the estate of R.V.*, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Katherine E. Oler <br> Filed: April 8, 2019 <br><br> Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |

*Clifford J. Shoemaker*, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On June 27, 2018, Maria Jill and Jon-Michael Vandergriff, as administrators of the Estate of R.V., ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that their son, R.V., suffered injuries that led to his death as a result of the DTaP-Hib-IPV (Pentacel) vaccination he received on March 28, 2017.  Petition at 2,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

ECF No. 1.  Petitioners filed their amended statement of completion on December 19, 2018.  ECF No. 16.

On February 14, 2019, Respondent filed a Rule 4(c) Report ("Respondent's Report"). ECF No. 17.  Respondent stated that Petitioners had not satisfied their burden of proof, specifically noting that Petitioners failed to identify a vaccine-related injury that resulted in R.V.'s death. *Id.* at 7.  Respondent concluded that "[P]etitioners have not offered sufficient reliable evidence to establish a causal relationship" and requested that this case be dismissed. *Id.*

Following Respondent's Report, Petitioners filed the instant motion to dismiss their claim on April 5, 2019, indicating that "[a]n investigation of the facts and science supporting has demonstrated to the Petitioners that they will be unable to prove that they are entitled to compensation in the Vaccine Program."  *See* Petitioners' Motion for Decision Dismissing their Petition, ECF No. 20.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof.  Petitioners' claim therefore cannot succeed and, in accordance with their motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                **/s/ Katherine E. Oler**
                                                Katherine E. Oler
                                                Special Master